CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED

FEB 2 4 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Cole
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| SAMUEL H. SLOAN, | ) | |
| A.K.A. M. ISMAIL SLOAN, | ) | |
| Plaintiff, | ) | Civil Action No. 6:09-cv-00005 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHRISTOPHER P. SMITH, ET AL. | ) | By: Hon. Norman K. Moon |
| Defendants. | ) | United States District Judge |

Plaintiff Samuel H. Sloan, also known as "M. Ismail Sloan," "Mohammad Ismail Sloan," and "Ismail Sloan,"[1] brings this pro se civil action, purporting to raise claims under federal statutes. Naming thirty-six defendants[2] in the style of his complaint, plaintiff states that

> [t]his action is brought under the Racketeer Influenced and Corrupt Organizations Act (commonly referred to as RICO Act or RICO) 18 U.S.C. § 1961-1968 and to redress a series of monstrous crimes committed by the defendants herein, including the kidnapping [sic] from a foreign country of an eight-year-old girl and her 80-year-old grandmother and the subsequent cover-up of these Crimes Against Humanity, a cover-up that continues to this very day. Jurisdiction is based on 42 USC 1983, 42 USC 11601, the Constitution and Laws of the United States, the Hague Convention and the inalienable human right of parents to have custody of their own children.

---

[1] The federal judiciary's electronic data system ("Public Access to Court Electronic Records," or "PACER") indicates that plaintiff has been a party to at least 35 separate actions filed in the federal courts since 1990, 11 of which were appellate actions in which plaintiff was the appellant. Plaintiff filed 19 of the district court actions as plaintiff, and was a counter-plaintiff or counter-defendant in at least two other district court actions. Plaintiff has been the filing plaintiff in at least 9 actions in the United States District Court for the Western District of Virginia. *See* Civil Action Nos. 7:91-cv-00422, 7:94-cv-00027, 7:94-cv-00058, 7:94-cv-00114, 6:90-cv-00079, 7:94-cv-00304, 6:94-cv-00002, 6:94-cv-00003, and 7:93-cv-00338.

[2] Plaintiff names the following defendants: Christopher P. Smith, Sheriff J. L. Ayers, III, Michael W. Cox, William Starke Mundy, III, James C. Turk, William G. Petty, Richard S. Miller, Roy B. Willett, Lawrence Janow, Michael Gamble, Stephen R. Pattison, Morgan Scott, III, Ray Fitzgerald, John P. Butler, Eugene Wingfield, Frank G. Davidson, III, Richard Groff, Lisa L. Schenkel, Killis T. Howard, Sue H. Roe, Catherine H. Kennedy, Dorchen Leidholdt, Rosemonde Pierre-Louis, Jill Zuccardy, Alexander Karam, Salvatore J. Modica, Lane Vance, Verio.net, Khalid Shaikh Muhammed, George W. Bush, George H. W. Bush, United States Department of Justice, United States of America, Leighton S. Houck, Charles Roberts, and Jay Roberts.

Plaintiff has paid the $350.00 filing fee. Plaintiff demands, *inter alia*, "[j]udgment in the amount of $20 million...." Upon review of the twenty-page, single-spaced, seventy-two paragraph complaint,[3] the court finds that it must be dismissed without prejudice for lack of subject-matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Plaintiff has filed numerous complaints in federal and state courts regarding, *inter alia*, his loss of custody in the 1980s of his daughter, Shamema (who was born in 1981), which plaintiff attempts to characterize as a kidnaping and a violation of his civil rights.[4] The court takes judicial notice[5] that the custody matters regarding Shamema were resolved against plaintiff long ago in the Amherst County Juvenile and Domestic Relations Court; plaintiff failed to carry his burden of showing that his having custody of the child was in the child's best interests, and custody was awarded to one of the defendants in the instant action, Charles Roberts, and his now-deceased wife, Shelby Roberts.[6] Over the years, plaintiff has filed a number of complaints in the federal courts,[7]

---

[3] Plaintiff has filed an amended complaint, which appears to be identical to the original complaint.

[4] In fact, court records indicate that plaintiff was convicted in the Lynchburg Circuit Court of the attempted abduction of his daughter and failure to appear. He was later convicted of contempt in the Amherst County Circuit Court. For these three convictions, plaintiff received a total of five years and ten days imprisonment in state prison, and was fined $1800. *See Sloan #204991 v. Mahon, et al.*, Civil Action No. 7:94-cv-00058 (W.D. Va., dismissed Oct. 24, 1994) (28 U.S.C. § 2254 petition alleging 27 constitutional challenges to plaintiff's Commonwealth of Virginia conviction of kidnaping dismissed for failure to exhaust state remedies).

[5] The court is entitled to "take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting Fed. R. Evid. 201(b)). Judicial notice is often taken with respect to court records, *id.* at 1081, and is appropriate where the records pertain to a prior case that is either brought into the pleadings or is related to the instant case, *U.S. Fidelity & Guaranty Co. v. Lawrenson*, 334 F.2d 464, 467 (4th Cir. 1964) (citing *Lowe v. McDonald*, 221 F.2d 228, 230-31 (9th Cir. 1955)).

[6] *See* Custody Petitions J001731-01, J001731-02, and J001731-05, *In re: Shamema Honzagool Sloan*, (Amherst County Juvenile and Domestic Relations District Court for the Twenty-Fourth Judicial District of
(continued...)

several of which have attempted to state claims against many of the defendants named in the instant action, and which likewise arose out of plaintiff's attempt to characterize his loss of custody of his daughter as a kidnaping and a violation of his civil rights.[8]

Turning to the instant complaint, plaintiff states that

> [t]his complaint is being filed on the afternoon of January 20, 2009, after the new president takes office. Plaintiff demands that the defendants including the former presidents [George H.W. Bush and George W. Bush] be taken into custody and held to stand trial in accordance with the standards of the Nuremberg War Crimes Trials, especially the Judge's Trial. The two former presidents and the judges named herein as defendants are to be held to stand trial for the kidnappings [sic] of Shamema Honzabool Sloan, then aged 8, and her grandmother Dr. Helen Marjorie Sloan, then aged 80. The child aged 8 was held prisoner for ten years until she reached age 18, when she joined the US Marines and went to fight in Iraq. The grandmother was confined and held prisoner for 12 years until she died at age 92. The defendants

---

[6](...continued)
Virginia, Order entered July 17, 1991, *nunc pro tunc* June 24, 1991), *aff'd on appeal*, Circuit Court of the County of Amherst, Order 7312 (November 18, 1991). *See also M. Ismail Sloan, et al., v. Charles Roberts, et al.*, Circuit Court of the City of Lynchburg, Case No. 15643 (December 15, 1992, Order at Book 32, page 29, awarding Charles Roberts, counter-plaintiff against Sloan, $30,000.00 compensatory damages and $1,000.00 punitive damages; June 1, 1993, Order at Book 32, page 816, ordering Sloan to pay costs and attorneys' fees to Charles Roberts in the sum of $5,123.45, and enjoining Sloan from filing any further suits in the General District or Circuit Courts of the Commonwealth of Virginia "based on the same or similar factual allegations, legal theories, or issues as have been presented or alleged in the instant case or relitigating any thing or issue previously brought before this court, including all issues regarding any of Mr. Sloan's children.").

[7] *See* n. 1, *supra*.

[8] *See, e.g., Sloan, et al., v. Roberts, et al.*, Civil Action No. 6:90-cv-00079 (W. D. Va., dismissed Dec. 19, 1990) (naming, *inter alia*, the following defendants also named in the instant action: Charles Roberts, Jay Roberts, Lawrence Janow, Stephen R. Pattison, Frank Davidson, Richard S. Miller, Rick Groff, Michael W. Cox, and Killis T. Howard), *aff'd.*, 928 F.2d 399 (Table) (Mar. 20, 1991); *Sloan v. Pattison, et al.*, Civil Action No. 1:92-cv-02388 (E. D. NY, dismissed Oct. 12, 1993) (naming, *inter alia*, the following defendants also named in the instant action: Stephen R. Pattison, Charles Roberts, Jay Roberts, Lawrence Janow, Michael Gamble, Sue H. Roe, Richard S. Miller, Frank Davidson, III, Leighton Houck, Richard L. Groff, Michael W. Cox, and Killis T. Howard), *aff'd.*, 41 F.3d 1502 (Sept. 28, 1994); *Sloan #204991 v. Mahon, et al.*, Civil Action No. 7:94-cv-00058 (W.D. Va., dismissed Oct. 24, 1994) (28 U.S.C. § 2254 petition alleging 27 constitutional challenges to plaintiff's Commonwealth of Virginia conviction of kidnaping dismissed for failure to exhaust state remedies; the petition named, *inter alia*, the following defendant also named in the instant action: Charles Roberts), *aff'd.*, 56 F.3d 62 (May 25, 1995); *see also Sloan, #204991 v. Spagnolo, Jr., et al.*, Civil Action No. 7:94-cv-00304 (W. D. Va Apr. 25, 1994; reconsideration denied May 20, 1994) (dismissing a case plaintiff filed that arose out of plaintiff's attempt to characterize his loss of custody of his daughter as a kidnaping and a violation of his civil rights).

herein are also all charged with the subsequent cover-ups of these kidnappings [sic] and related crimes.

Plaintiff adds that he

> demands that Nuremberg type trials be established and that the Bush father and son be put on trial for the kidnapping [sic] of Shamema Honzagool Sloan, along with the judges herein named, to be tried in accordance with the "Judge's Trial at Nuremberg". [sic] Those trials were conducted in accordance with the long established legal principle that whomever wins the war gets to put the losers of the war on trial. Since the Bush'es [sic] lost this election, and since it is manifestly obvious that they are guilty, they must be put on trial.

Plaintiff refers to the following federal statutes: the Racketeer Influenced and Corrupt Organizations Act; 42 U.S.C. § 1983; and 42 U.S.C. § 11601, the Congressional "**Findings and declarations**" section of the International Child Abduction Remedies Act. Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." And 28 U.S.C. § 1343(3) endows district courts with original jurisdiction to hear a civil action to

> redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. . . .

However,

> It is well established that "[f]ederal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63 (4th Cir.1988) (internal quotation marks omitted). Consequently, a federal court must dismiss a case whenever it appears that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Goldsmith*, 845 F.2d at 64.

*Garraghty v. Virginia Retirement System*, 200 Fed. Appx. 209, 211 (4th Cir. 2006).

4

The existence of subject matter jurisdiction depends upon the assertion of a substantial claim. *Id.*; *see also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans*, 415 U.S. at 536-37 (internal quotation marks & citations omitted); *see also Davis v. Pak*, 856 F.2d 648, 651 (4th Cir. 1988) (federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless). Rule 12 authorizes the district court to dismiss a "patently insubstantial complaint . . . for want of subject-matter jurisdiction." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, the court has an independent obligation to evaluate, *sua sponte*, its subject matter jurisdiction if it is in doubt. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977); *see also Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999) (finding that complaint may be dismissed *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Principles requiring generous construction of pro se pleadings are also not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988). District courts are not required "to conjure up questions never squarely presented to them." *Beaudett*, 775 F.2d at 1278.

5

This action is frivolous, and the court thus lacks subject-matter jurisdiction over it. Even liberally construed, the instant complaint is frivolous, and does not state a viable federal legal claim. The court finds that plaintiff's federal claims are "absolutely devoid of merit," "obviously frivolous," and, given that plaintiff has filed a number of similar lawsuits, his claims are "no longer open to discussion." *Hagans*, 415 U.S. at 536-37 (citations omitted); *Neitzke*, 490 U.S. at 327 n.6. Accordingly, the court has no subject matter jurisdiction to entertain the complaint, and the complaint must be summarily dismissed as such, pursuant to Fed. R. Civ. P. 12(h)(3).

To underscore that plaintiff's claims are "no longer open to discussion," the court observes that court records and plaintiff's instant complaint indicate that cases plaintiff previously filed in the Western District of Virginia have dealt with plaintiff's allegation that his daughter was kidnaped. Moreover, *Sloan v. Pattison, et al.*, Civil Action No. 1:92-cv-02388 in the United States District Court for the Eastern District of New York, was dismissed over fifteen years ago, on October 12, 1993, for the following reasons: lack of subject matter jurisdiction because the federal statutes and Constitutional amendments cited did not provide federal question jurisdiction and there was not complete diversity; lack of personal jurisdiction over the non-New York defendants; insufficient service of process over most defendants; improper venue; failure to state a claim upon which relief can be granted; *res judicata*; federal abstention; and lack of standing to sue on behalf of other named plaintiffs. Thus, it is clear that Plaintiff's claims against a number of the defendants named in the instant action are barred by the doctrine of *res judicata*.

In order for a claim to be precluded by the doctrine of *res judicata*, there must be (1) a judgment on the merits in a prior suit, (2) that resolved claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action. *Aliff v. Joy Manufacturing Co.*, 914

6

F.2d 39, 42 (4th Cir. 1990) (citing *Montana v. United States*, 440 U.S. 147 (1979)); *see also Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986). Even if the complaint in this case is not identical to the complaints in plaintiff's prior cases, and may contain some additional legal theories, it is nonetheless still barred by *res judicata*. To determine whether the causes of action are the same, "the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Harnett*, 800 F.2d at 1313. It is irrelevant whether the plaintiff actually knew of the existence of the cause of action at the time of the earlier suit; "it is the existence of the present claim, not party awareness of it, that controls." *Id.*; *see also Meekins v. United Transportation Union*, 946 F.2d 1054, 1057-58 (4th Cir. 1991) (same). Thus, the fact that plaintiff now lodges claims based on new legal theories, such as civil RICO claims, does not prevent the application of *res judicata*. The law is well-established that *res judicata* bars subsequent litigation arising from the same factual basis "even though the plaintiff in the first suit proceeded under a different legal theory." *Aliff*, 914 F.3d at 4244. *See also Chaudhary v. Stevens*, 2005 U.S. Dist. LEXIS 27447, *17-18, 2005 WL 1923231 (E. D. Va. Aug. 9, 2005) (same); *White v. Harris*, 23 F. Supp.2d 611, 616 (D. Md. 1998) (noting that the "critical inquiry is not how a legal theory is styled, but whether the theory arises out of transactions or a series of transactions the same as those resolved by the prior judgment."); *Lewin v. Cooke*, 95 F. Supp.2d 513 (E. D. Va. 2000), *aff'd*, 28 Fed. Appx. 186 (4th Cir. 2002).

Furthermore, assuming *arguendo* that plaintiff could state a civil rights claim arising out of his loss of custody of his daughter Shamema, and that such claim were not barred by *res judicata*, such claim is clearly time-barred. Insofar as the complaint invokes 42 U.S.C. § 1983, there is no federal statute of limitations applicable in § 1983 actions, *Wilson v. Garcia*, 471 U.S. 261, 266

7

(1985), and § 1983 actions are thus governed by the state statute of limitations for general personal injury cases in the state where the alleged violations occur, *Owens v. Okure*, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Therefore, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. *Id*. The time of accrual of a cause of action under § 1983 is a federal question. *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*). Additionally, the Supreme Court of the United States has recognized that, although it had "never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091, 1095 (2007). In *Nasim*, the United States Court of Appeals for the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id*. As the court has already observed, plaintiff's custody dispute arose in the 1980s, and any civil rights claims that could conceivably arise out of that custody dispute are clearly time-barred.

Likewise, any allegation plaintiff purports to state as a civil RICO claim is untimely. RICO claims are subject to a four-year statute of limitations that begins to run when the plaintiff knows or should have known of the injury. *Agency Holding Corp. v. Malley-Duff Assocs., Inc.*, 483 U.S. 143, 156-57 (1987); *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 183 (1997); *Rotella v. Wood*, 528 U.S. 549, 555 (2000); *Potomac Elec. Power Co. v. Elec. Motor and Supply, Inc.*, 262 F.3d 260, 266 (4th Cir. 2001).

To the extent the complaint possibly could be combed to find a claim that is non-frivolous – and also not barred by *res judicata*, the applicable statues of limitations, or judicial or other immunity doctrines[9] – a court is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122 (D. Md.1981) (although pro se complaint contained potentially viable claims, the court properly dismissed without prejudice under Fed. R. Civ. P. 8 since voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims; the court specifically observed that dismissal under Rule 8 was proper because such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988). In the context of Fed. R. Civ. P. 8, it is clear that a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, slip op. at 5 (2007). And, although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them." *Beaudett*, 775 F.2d at 1278 (adding that "[d]istrict judges are not mind readers").

Here, the complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. In addition to the call in Rule 8(a)(1) for "a short and plain statement of the grounds for the court's jurisdiction," Rule 8(a)(2) requires "a short and plain statement of the claim

---

[9] *See* n. 7, *supra*. Several of the named defendants in this case are state court judges previously named by plaintiff in other lawsuits.

showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each averment of a pleading be "simple, concise, and direct." A pleading "does not have to set out in detail the facts on which the claim for relief is based," 2 Moore's Federal Practice ¶ 8.04[1], at 8-22 (3d ed. 2002), but must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the complaint is not a "short and plain statement," nor is it "concise and direct," and the convoluted and redundant narratives and far-fetched legal conclusions render the complaint nearly incomprehensible. The complaint does not provide the defendants "fair notice" of the claims and facts upon which they are based. Therefore, because the complaint does not comply with Rule 8, it could be dismissed on that alternative ground.

In conclusion, a warning to plaintiff. This complaint is dismissed without prejudice, and plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. However, given the frivolous and duplicative nature of the instant complaint and plaintiff's litigation history in the federal courts (and in other courts, as well),[10] plaintiff is hereby warned and given notice that, should he submit any further frivolous filings to this court, the court will impose a pre-filing review system. *See Cromer v. Kraft Foods of North*

---

[10] It is clear that plaintiff has previously been warned of the risk of being subjected to pre-filing injunctions and sanctions should he continue to file frivolous and duplicative lawsuits. For example, with the instant complaint, plaintiff submitted a letter, dated July 17, 1996, from plaintiff to President Clinton. The letter states that the Roanoke Division of this Court has previously "left standing instructions with the clerk to refer [plaintiff's filings to Senior Judge James C. Turk] and otherwise not to receive [plaintiff's] complaints." *See also* n. 5, *supra* (noting the entry in at least one state court of a pre-filing injunction and sanctions against plaintiff).

*America, Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). If such a system is placed in effect, pleadings presented to the Court that are not made in good faith and do not contain substance will be summarily dismissed as frivolous. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). Thereafter, if such filings persist, the pre-filing system may be modified to include an injunction from filings made without prior permission of the court, and plaintiff may be subjected to the imposition of monetary sanctions. *See* 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11(b) and (c); *Vestal v. Clinton*, 106 F.3d 553 (4th Cir.1997); *Foley v. Fix*, 106 F.3d 556 (4th Cir. 1997) (*per curiam*).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to any defendants whose names and addresses appear in the "service list" (*see* docket no. 5) submitted by plaintiff.

Entered this 24th day of February, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE