RK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

APR 23 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Amy Coleman
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SAMUEL H. SLOAN, ) | |
| A.K.A. M. ISMAIL SLOAN, ) | |
| Plaintiff, ) | Civil Action No. 6:09-cv-00005 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | & ORDER |
| ) | |
| CHRISTOPHER P. SMITH, ET AL. ) | By: Hon. Norman K. Moon |
| Defendants. ) | United States District Judge |

The above-referenced civil action was dismissed without prejudice on February 24, 2009, pursuant to Fed. R. Civ. P. 12(h)(3), as frivolous and therefore outside the subject matter jurisdiction of the Court.[1] The matter is now before the Court upon consideration of the pro se Plaintiff's "Motion to Hon. Norman K. Moon to Recuse Himself From this Case" (docket no. 23), and Plaintiff's "Petition for Rehearing of this Courts [sic] Decision Dated February 24, 2009" (docket no. 24). For the reasons stated herein, the motions are denied.

### A. MOTION SEEKING THE UNDERSIGNED'S RECUSAL

Two federal statutes govern judicial recusal: Section 144 and Section 455 of Title 28 of the United States Code. Section 144 requires the petitioner to file an affidavit and a certificate of counsel of record stating the claim is made in good faith; Section 455 is self-activating and does not require such procedural steps. Given that Sloan did not follow the procedural requirements of

---

[1] Alternatively, the Court observed that, to the extent the complaint possibly could be combed to find a claim that is non-frivolous, the complaint also failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure, and could be dismissed on that alternative ground. The Court also took note of Plaintiff's extensive history as a litigant in the Western District of Virginia and other federal and state courts, and warned and notified Plaintiff that, should he submit any further frivolous filings to this court, the Court will impose a pre-filing review system.

Section 144, I will construe his motion for recusal under Section 455.[2] *See Givens v. O'Quinn*, No. 2:02cv00214, 2005 U.S. Dist. LEXIS 31597, at *5-6, 2005 WL 3359115 (W.D. Va. Dec. 7, 2005) (determining recusal under § 455 since plaintiff did not file an affidavit or certificate required by § 144) (citing *Lilieberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 871 n. 3 (1988) (Rehnquist, C.J., dissenting) (same); *Kidd v. Dalkon Shield Claimants Trust*, No. 3:96-cv-642, 1996 WL 932551 (E.D. Va. Sept. 13, 1996) (same)).

Plaintiff's motion fails as a matter of law as he has not shown adequate bias or partiality to support recusal. Plaintiff asserts that I "acted so quickly to dismiss the case sua sponte . . . that it is obvious" that I either "conspired with" Judge James C. Turk and "other defendants in the kidnapping [sic] of the daughter of Plaintiff" or that I am "trying to protect [my] friend and associate Judge Turk."[3] Although the case was dismissed as frivolous and therefore outside the Court's subject matter jurisdiction, Plaintiff asserts that dismissing the case

> without going through the normal process of waiting until pleadings are filed, briefs submitted and so on proves that [the federal judges Plaintiff names] are in on the fix. This could only happen in in [sic] a place like Lynchburg[,] Virginia, which has a bunch of gun-toting and extremely dangerous religious loonys [sic] are [sic] who think it is perfectly OK and acceptable to kidnap somebody else's child as long as it is done for a good purpose such as to tell her about Jesus and teach her the Word of God.

---

[2] Additionally, § 144 pertains to allegations of bias or prejudice of a "judge before whom the matter is pending." There are no substantive matters pending in this action; as observed above, this case was dismissed on February 24, 2009, pursuant to Fed. R. Civ. P. 12(h)(3), as frivolous and therefore outside the subject matter jurisdiction of the Court.

[3] For a complete summary of Plaintiff's frivolous allegations regarding his loss of custody of his daughter two decades ago, which Plaintiff refers to as a kidnaping, please refer to this Court's Memorandum Opinion of February 24, 2009. Apparently, Judge Turk dismissed at least one civil case Plaintiff filed as a prisoner. It is a matter of public record that Plaintiff lost custody of his daughter and was convicted of (and imprisoned for) the attempted kidnaping of the child.

2

Plaintiff adds that "[f]ederal judges are supposed to protect people like me who do not believe in their religion from nuts like them" and that "[i]t is now obvious that Judge Turk and Judge Moon are on the other side and that they too are in league with the religious nuts who go around kidnapping [sic] children."

A judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2008). A judge must also disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* at (b)(1). Partiality requires an apparent wrongful or inappropriate disposition toward a party. *United States v. Gordon*, 61 F.3d 263, 267 (1995) (citing *Liteky v. United States*, 510 U.S. 540, 552 (1994)). Bias requires "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, . . . rests upon knowledge that the subject ought not to possess [,] . . . [or] is excessive in degree. . . ." *Liteky*, 510 U.S. at 550 (original emphasis). Alleging bias or prejudice of a judge's views or rulings that arise from facts or events of current or prior proceedings is an insufficient basis for recusal unless the opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555; *see also Berger v. United States*, 255 U.S. 22, 28-29 (1921) (recusing federal judge from trial for stating, "One must have a very judicial mind, indeed, not be to prejudiced against the German Americans in this country. Their hearts are reeking with disloyalty."). Even remarks made "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555. Significantly, a judge is not required to recuse himself simply "because of

3

unsupported, irrational, or highly tenuous speculation [.]" *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (citation omitted).

All of Plaintiff's grounds for recusal stem from his dissatisfaction that I dismissed his case *sua sponte*, based upon my judgment that the action was frivolous and thus outside the Court's subject matter jurisdiction. The law is clear that judicial viewpoints arising from court proceedings are not a sufficient basis for recusal. To the extent that Plaintiff claims I am "biased" toward Judge Turk, I reiterate that my basis for dismissing the case (which included tangential claims regarding Judge Turk's dismissal, more than ten years ago, of actions filed by Plaintiff), is simply a matter of judicial economy: Plaintiff's complaint is frivolous and thus his claims fall outside the Court's subject matter jurisdiction. To the extent Plaintiff contends that Judge Turk is his "opponent," and that the simple fact of my association with Judge Turk as a member of the bench renders me biased, "'[m]ere general allegations of intimacy of the judge with opponents' are insufficient to require recusal. . . ." *In re Beard*, 811 F.2d 818, 828 (4th Cir. 1987), quoting *Morse v. Lewis*, 54 F.2d 1027, 1032 (4th Cir.1932). Absent a reasonable basis for questioning my impartiality, it is improper for me to recuse. *United States v. Glick*, 946 F.2d 335, 336-37 (4th Cir.1991). Accordingly, Plaintiff's motion (docket no. 23) seeking my recusal is **DENIED**.

### B. MOTION SEEKING A "REHEARING"

As already observed, this action was dismissed without prejudice on February 24, 2009, pursuant to Fed. R. Civ. P. 12(h)(3), as frivolous and therefore outside the subject matter jurisdiction of the Court. Plaintiff does not offer any new legal or factual bases upon which his claims could be premised, nor any new facts that further particularize or legitimize his claims. After a through review of the record, I remain convinced that dismissal of plaintiff's complaint as frivolous and

4

therefore outside the Court's subject matter jurisdiction is proper. Furthermore, on April 22, 2009, Plaintiff filed a notice of appeal and paid the $455.00 filing fee, and the Clerk of the Court has transmitted the notice of appeal to the United States Court of Appeals for the Fourth Circuit.[4] Accordingly, I find that "rehearing" or reconsidering Plaintiff's complaint is unnecessary, and Plaintiff's motion for a "rehearing" (docket no. 24) is **DENIED**.

### C. Conclusion

As stated herein, Plaintiff's motions (docket nos. 23 & 24) are **DENIED**. Additionally, any pending motions[5] are hereby **DENIED as MOOT**.

It is so **ORDERED**.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and Order to Plaintiff and to any Defendants whose names and addresses appear in any "affidavit of service" submitted with the instant motions. The Clerk is further directed to supplement the appellate record with any entries upon the docket in this case that post-date the April 22, 2009, transmittal of the record to the Court of Appeals, including the instant Memorandum Opinion and Order.

Entered this 23rd day of April, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[4] Additionally, Plaintiff has filed a "Petition for a Writ of Mandamus or Prohibition" in the Court of Appeals, seeking "a writ of mandamus or a writ of prohibition . . . removing entirely District Judge Norman K. Moon from all proceedings in the underlying case." Plaintiff's Petition constitutes an original proceeding in the Court of Appeals. *See* Fourth Cir. Case No. 09-1457 (Apr. 21, 2009).

[5] For example, motions submitted by counsel to appear *pro hac vice* on behalf of defendants against whom all claims have been dismissed (docket nos. 12 & 13).

5